UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KARLA K. WILSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:17-cv-00409-GZS |
| v. | ) | |
| | ) | |
| DR. CLINTON, et.al, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Karla K. Wilson, an inmate in the custody of the Maine Department of Corrections, alleges that Defendants Dr. Clinton and Wendi Reibe have deprived Plaintiff of medical care in violation of the Eighth Amendment of the United States Constitution. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because she is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claim of negligence, and permit Plaintiff to proceed on her constitutional claim.

1

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

Plaintiff alleges that Defendants Dr. Clinton and Wendy Reibe have subjected Plaintiff to cruel and unusual punishment and "neglect." (Complaint at 3.) According to Plaintiff, she has Meniere's disease, a condition that affects her inner ear and causes vertigo and hearing loss. Plaintiff asserts that certain health care providers at the Maine Correctional Center have supported Plaintiff's request for an outside consultation with an ear, nose and throat specialist, but Dr. Clinton has denied the referral and instead adjusted Plaintiff's medication.[1] (*Id.* at 4 – 5.) Plaintiff alleges she is losing peripheral vision in her right eye and has experienced hearing loss. (*Id.* at 4.) Plaintiff also has a dental issue (need for a filling in one tooth and for other teeth to be "fixed") and has spoken to Dr. Clinton and Wendy Reibe about both issues. (*Id.* at 5, 7.) Plaintiff maintains that her medications are not addressing her conditions. (*Id.* at 4.)

---

[1] Plaintiff elsewhere alleged that "due to a lack of vision in [her] left eye," she "was sent out to an outside doctor." (Complaint at 7, 8.)

In the form complaint filed by Plaintiff, Plaintiff references a grievance process at the Maine Correctional Center that covers some or all of her claims. (*Id.* at 6.) Plaintiff further wrote that the "grievance process was done [and] I didn't appeal because I spoke to Wendy Reibe about my dental situation," and "I did not appeal Dr. Clinton because I did get slight advocation [sic] by the nurses but I should appeal [b]ut I get frustrating non-answers." (*Id.* at 8.)

## DISCUSSION

### A. Plaintiff's Constitutional Claim

Plaintiff arguably has stated a claim under 42 U.S.C. § 1983 for "deliberate indifference" to a serious medical need. Federal law, however, requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.") "'Prison conditions' under [the PLRA] include individual instances of medical mis-or non-treatment." *Acosta v. United States Marshals Service*, 445 F.2d 509, 512 (1st Cir. 2006).

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

4

rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90 – 91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* Ordinarily, failure to exhaust is treated as an affirmative defense and dismissal at the pleading stage is not warranted. However, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (vacating sua sponte dismissal where the prisoner plaintiff alleged that he attempted to exhaust, and appealed the dismissal of his grievance to the highest level, which allegations permitted an inference that he exhaust administrative remedies); *Torns v. Mississippi Dep't of Corr.*, 301 F. App'x 386, 388 – 89 (5th Cir. 2008) ("One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion. In such a case, the district court may sua sponte dismiss the complaint for failure to state a claim.") (vacating sua sponte dismissal where the allegations did not mention the administrative process and simply stated administrators did not respond); *Cullinan v. Mental Health Mgmt. Corr. Servs., Inc.*, No. 11-cv-10593, 2012 WL 2178927, at *3 (D. Mass. June 11, 2012).

The Tenth Circuit and the Fourth Circuit have observed that when a prisoner's complaint clearly reflects that the prisoner did not exhaust administrative remedies, the district court should inquire further of the prisoner before screening the complaint based on non-exhaustion under 28 U.S.C. §§ 1915 and 1915A. *Aquilar-Avellaveda v. Terrell*,

478 F.3d 1223, 1225 (10th Cir. 2007) (suggesting that a district court may request additional information from prisoner where the face of the complaint clearly reflects non-exhaustion, noting that "facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner has completed his internal grievance process or whether he was thwarted in his attempts to do so"); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) ("[W]e conclude that a district court may raise the issue of exhaustion of remedies on its own motion. Except in the rare case where failure to exhaust is apparent from the face of the complaint, however, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.").[2]

Here, although Plaintiff has asserted facts which suggest she might not have exhausted all of the available administrative remedies, because she also asserted that she has received "non-answers" to grievances, the Plaintiff's failure to exhaust the available administrative remedies is not clearly apparent on Plaintiff's complaint. In *Ross v. Blake*, 136 S. Ct. 1850, 1856 – 57 (2016), the Supreme Court, while confirming that the exhaustion of available administrative remedies is mandatory, noted there are some "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 1859. While Plaintiff has alleged facts that generate an issue regarding exhaustion, she has also alleged facts that raise a question regarding the

---

[2] The Fourth Circuit has clarified that requiring further information of the prisoner is only appropriate where the complaint clearly reflects the failure to exhaust. *Custis v. Davis*, 851 F.3d 358, 363 (4th Cir. 2017). The Ninth Circuit appears to hold that even where the failure to exhaust is clear on the face of the complaint, the issue should be addressed in the context of a motion to dismiss. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

6

availability of the administrative proceedings. Given that administrative exhaustion is an affirmative defense and thus a plaintiff is not required to plead exhaustion, *Jones v. Bock*, 549 U.S. 199, 216 (2007), dismissal under 28 U.S.C. §§ 1915 and 1915A is not appropriate. *See also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("The Supreme Court made it plain … that exhaustion under § 1997e(a) is not a jurisdictional condition, and has held it to be an affirmative defense." (citing *Jones,* 549 U.S. at 212)).

**B.      Plaintiff's Claim of "Neglect"**

Plaintiff appears to assert a claim of "neglect," which claim the Court could construe as a state law claim of professional negligence/medical malpractice. If Plaintiff intended to assert such a claim, however, Plaintiff cannot proceed on the claim in this Court on the current record. Under Maine law, to proceed on a medical negligence case, Plaintiff must first complete the prelitigation screening process mandated by the Maine Health Security Act. 24 M.R.S. §§ 2853 et seq. *See Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 381 (D. Me. 2011). Plaintiff has alleged no facts to suggest, and the record does not otherwise reflect, that Plaintiff has satisfied the prerequisites to a state law medical malpractice action.

#### CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's claim of negligence, and permit Plaintiff to proceed on her constitutional claim.

7

# NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of January, 2018.