UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| KARLA K. WILSON, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 2:17-cv-00409-GZS |
| v. | ) | |
| | ) | |
| DR. CLINTON, et.al, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiff Karla K. Wilson, an inmate in the custody of the Maine Department of Corrections, alleges that Defendants Robert Clinton, M.D., and Wendy Reibe[1] have deprived Plaintiff of medical care in violation of the Eighth Amendment to the United States Constitution. (Complaint, ECF No. 1.)

The matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 27.) Through their motion, Defendants contend dismissal is warranted because Plaintiff failed to exhaust the available administrative remedies before she commenced this action. Plaintiff has not responded to the motion.

Following a review of the record, and after consideration of Defendants' arguments, I recommend the Court grant the motion and dismiss Plaintiff's complaint without prejudice.

---

[1] In her complaint, Plaintiff spells Defendant Reibe's first name as "Wendi." In Defendants' motion to dismiss, Defendants spells Defendant Reibe's first name as "Wendy."

## FACTUAL BACKGROUND

Plaintiff alleges that Defendants Clinton and Reibe have subjected Plaintiff to cruel and unusual punishment and "neglect." (Complaint at 3.) Upon review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and 1915A, the Court concluded that Plaintiff alleged sufficient facts to state a federal claim. (Recommended Decision After Screening Complaint ECF No. 7; Order Affirming Recommended Decision, ECF No. 18.)

As noted in the Recommended Decision after the initial review of the complaint, Plaintiff alleged facts which suggested that she did not exhaust the prison grievance procedures before she filed this action. (Recommended Decision at 4 – 7.) In particular, Plaintiff alleged that the "grievance process was done [and] I didn't appeal because I spoke to Wendy Reibe about my dental situation," and "I did not appeal Dr. Clinton because I did get slight advocation [sic] by the nurses but I should appeal [b]ut I get frustrating nonanswers." (Complaint at 8.) Despite Plaintiff's acknowledgement that she did not exhaust the grievance process, because the failure to exhaust is an affirmative defense and because Plaintiff's allegations did not foreclose the possibility that the administrative remedy was effectively unavailable to Plaintiff, upon an initial review of the complaint, the Court permitted Plaintiff to proceed with her claim.

In support of the motion to dismiss, Defendants filed a copy of the applicable prison grievance policy, which is referenced as the "Prison Health Care Grievance Process."[2]

---

[2] Defendants ask that the Court take judicial notice of the policy. (Motion at 5.) Defendants contend that the policy and its provisions are not subject to reasonable dispute, and are readily available to the public on the Maine Department of Corrections website. (*Id.* at 5 – 6.) For purposes of this recommended decision, I take judicial notice of the policy. The policy is frequently before the Court in the context of prisoner litigation, is a matter of public record, and is referenced in Plaintiff's complaint. Fed. R. Evid. 201(b)

(Policy, ECF No. 27-1.) The policy provides for an initial attempt at an informal grievance resolution, followed by a three-stage formal grievance process. If the matter is not resolved informally, or if the matter is resolved informally but the resolution is not implemented as represented, the policy directs the prisoner to follow the formal grievance process. The three-stage formal grievance process begins at step 1 with the submission of the grievance to the Grievance Review Officer for investigation, followed by stage 2 before the Chief Administrative Officer of the prison, and ends at stage 3 with an appeal to the Commissioner of the Department of Corrections. (Prisoner Grievance Process, Medical and Mental Health Care, Policy 29.02 (Rev. Aug. 15, 2012), ECF No. 27-1.)

## DISCUSSION

Federal law requires a prisoner to exhaust the administrative remedies made available at the prison before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.") "[T]he PLRA's exhaustion requirement

---

(authorizing notice of a fact that is not subject to reasonable dispute because it is generally known within the court's jurisdiction, and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (on motion to dismiss, court "may augment [the pleadings] with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice").

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). "'Prison conditions' under [the PLRA] include individual instances of medical mis-or non-treatment." *Acosta v. United States Marshals Service*, 445 F.2d 509, 512 (1st Cir. 2006).

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90 – 91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Cullinan v. Mental Health Mgmt. Corr. Servs*., *Inc*., No. 11-cv-10593, 2012 WL 2178927, at *3 (D. Mass. June 11, 2012) (denying leave to amend where prisoner alleged he submitted sick call slips and filed grievances, but those actions were not sufficient to exhaust available administrative remedies). "[F]ailure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

Here, the prison has an established grievance policy for medical-related complaints. Because Plaintiff asserts that she did not "appeal" from the initial administrative determination, Plaintiff did not exhaust the administrative grievance process before she filed this action. As to whether there is a reason the administrative process was unavailable

4

to Plaintiff, Plaintiff's failure to respond to the motion to dismiss is significant. Plaintiff's lack of objection to Defendants' motion to dismiss based on Plaintiff's failure to exhaust may be deemed a waiver of objection to the argument and thus provides further support for Defendants' request for dismissal. D. Me. Loc. R. 7(b);[3] *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006) (affirming dismissal based on failure to object to motion to dismiss under Rule 12(b)(6)); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 9 (1st Cir. 2002) (affirming dismissal based on failure to object to motion to dismiss under Rule 12(c)).

Given that (1) the prison maintained a grievance policy that applied to Plaintiff's claim, (2) Plaintiff has acknowledged in her complaint that she did not exhaust the applicable grievance process, and (3) Plaintiff failed to respond to the motion to dismiss or otherwise refute Defendants' contention that Plaintiff failed to exhaust the applicable grievance process, dismissal of Plaintiff's complaint is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's complaint without prejudice to Plaintiff's ability to refile her action after she has exhausted the available administrative remedies.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

---

[3] Local Rule 7(b) provides that "[u]nless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."

5

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2018.